IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| MICHAEL J. SNELLING, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 6:20-cv-86 |
| v. | |
| SGT. DILLHUNT, | |
| Defendant. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Georgia State Prison in Reidsville, Georgia, filed this action on May 13, 2020, asserting claims under 42 U.S.C. § 1983. Doc. 1. In his Complaint, Plaintiff alleges Defendant Dillhunt, a sergeant at Georgia State Prison, verbally threatened to withhold Plaintiff's medication and disclosed his confidential health information to other inmates. Id. This case was originally filed in the Middle District of Georgia. Id. After transfer of the case to this Court, doc. 5, Plaintiff was granted permission to proceed *in forma pauperis*, doc. 10. For the reasons which follow, I **VACATE** the Order granting Plaintiff's motion to proceed *in forma pauperis*, doc. 10, **VACATE** the Order outlining the setting aside and remittance of funds to the Court, doc. 13, and **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*, doc. 9. For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint without prejudice, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the

appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

## BACKGROUND

A review of the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals Plaintiff has an extensive history of litigating in the federal courts. While the Court initially granted Plaintiff permission to proceed *in forma pauperis* in this case, the Court has since reviewed Plaintiff's case history and has determined a number of Plaintiff's cases were dismissed prior to the filing of the present suit. This Court must now determine whether Plaintiff's "frequent filer" status bars his ability to proceed *in forma pauperis* in this action.

## DISCUSSION

**I.     Dismissal Under 28 U.S.C. § 1915(g)**

"Congress enacted the Prison Litigation Reform Act (PLRA) to 'curtail abusive prisoner litigation.' To that end, the PLRA contains procedural safeguards that prevent prisoners from misusing the legal system." White v. Lemma, 947 F.3d 1373, 1376 (11th Cir. 2020) (citation

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff his lawsuit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

omitted). A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with the provisions of 28 U.S.C. § 1915(g) of the PLRA. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). "[A] district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit began." White, 947 F.3d at 1377.

A review of Plaintiff's federal court filings reveals the following civil actions were dismissed prior to the filing of this suit and constitute strikes under § 1915(g):[2]

1) Snelling v. Olotu, No. 1:15-CV-3197 (N.D. Ga. Feb. 4, 2016), ECF No. 11 (dismissed for failure to state a claim);

2) Snelling v. Henderson, No. 1:15-CV-4053 (N.D. Ga. Apr. 8, 2016), ECF No. 10 (dismissed for failure to state a claim and finding dismissal also warranted for misrepresenting litigation history);[3]

---

[2] The Court notes it has not reviewed Plaintiff's entire litigation history, and therefore, it is possible there are other cases, outside of those listed herein, which constitute strikes under § 1915(g).

[3] See Rivera, 144 F.3d at 731 (finding case dismissed for "abuse of the judicial process" where plaintiff lied about existence of prior suit counts as a strike under § 1915(g)); see also Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (failing to disclose previously filed cases properly results in strike).

3

3) Snelling v. Fulton Cnty. Sheriff's Dep't, No. 1:19-CV-827 (N.D. Ga. Mar. 29, 2019), ECF No. 10 (dismissed because claims were frivolous, malicious, or failed to state a claim);

4) Snelling v. Baldwin State Prison, No. 5:18-CV-438 (M.D. Ga. Aug. 23, 2019), ECF No. 11 (dismissed for failure to state a claim);

5) Snelling v. Autry State Prison, No. 1:18-CV-195 (M.D. Ga. Jan. 3, 2020), ECF. No. 53 (dismissed for failure to exhaust administrative remedies);[4] and

6) Snelling v. Johnson State Prison, No. 3:19-CV-060 (S.D. Ga. October 22, 2019), ECF No. 15 (dismissed for failure to state a claim).

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate he meets the "imminent danger of serious physical injury" exception to § 1915(g). "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger").

Plaintiff fails to allege anything in his Complaint indicating he is in imminent danger of serious physical injury. At best, Plaintiff alleges Defendant Dillhunt stated she had the power to withhold his seizure medication, but Plaintiff also noted he could not receive his medication

---

[4] The dismissal of a complaint for failure to exhaust administrative remedies also constitutes a strike within the meaning of § 1915(g). White, 947 F.3d at 1379 ("[Plaintiff's case] was dismissed for failure to exhaust administrative remedies, which counts as a strike under our precedent.").

4

because he did not have an ID card. Doc. 1 at 1. Moreover, in a grievance dated May 8, 2020 and attached to the Complaint, Plaintiff wrote, "[N]ow I got my medication." Id. at 3.

Verbal threats alone are not sufficient to constitute "imminent danger." See Casey v. Crews, No. 5:14cv190, 2014 WL 4792607, at *2 (N.D. Fla. Sept. 25, 2014) ("Verbal threats are not actionable and general allegations of threats of harm are insufficient to show that Plaintiff is in imminent danger."); see also Edwards v. Gilbert, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989) ("[P]etitioner must allege more than that he has been subjected to 'verbal taunts . . . [h]owever distressing' in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights." (citation omitted)). Here, Plaintiff filed his Complaint only a week after the alleged incident, so all that is before the Court is Plaintiff's allegation Defendant Dillhunt threatened him, or as Plaintiff describes it, "the way she [was] talking wasn't "la[dy] like." Doc. 1 at 1. There is no indication Defendant Dillhunt actually followed through on her threat to withhold medication or Plaintiff was placed in imminent danger of serious physical injury. Accordingly, Plaintiff does not qualify for the imminent danger exception, and his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*.[5]

Accordingly, I **VACATE** the Order granting Plaintiff's motion to proceed *in forma pauperis*, doc. 10, **VACATE** the Order outlining the setting aside and remittance of funds to the Court, doc. 13, and **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*, doc. 9. Additionally, I **RECOMMEND** this action be **DISMISSED without prejudice** due to Plaintiff's failure to prepay the entire filing fee in this case.

---

[5]    At least one court previously notified Plaintiff of his three-striker status. In the case of Snelling v. Johnson State Prison, the district court for the Middle District of Georgia entered an order stating, "As of March 29, 2019, Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g)'s 'three strikes provision,' which would effectively bar any subsequently filed action." Snelling v. Johnson State Prison, No. 1:18-CV-188 (M.D. Ga. Jul 30, 2019), ECF No. 10 at 6 n.2.

5

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[6]  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[6]     A certificate of appealability is not required in this § 1983 action.

**CONCLUSION**

For the foregoing reasons, I **VACATE** the Order granting Plaintiff's motion to proceed *in forma pauperis*, doc. 10, **VACATE** the Order outlining the setting aside and remittance of funds to the Court, doc. 13, and **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*, doc. 9. Additionally, I **RECOMMEND** the Court **DISMISS without prejudice** this action under § 1915(g), **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191–92 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1191–92. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of January, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA